WILLIAM R. RUNYON and ROSA M. RUNYON, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Runyon v. Commissioner
Docket No. 424-80.
United States Tax Court
T.C. Memo 1984-623; 1984 Tax Ct. Memo LEXIS 47; 49 T.C.M. (CCH) 208; T.C.M. (RIA) 84623; December 3, 1984. Thomas Persinger, for the petitioners. Conley G. Wilkerson, for the respondent. DRENNEN MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1976 in the amount of $2,720.The only issue presented [1] is whether two checks, each in the amount of $5,000, received by Rosa Runyon on or about December 14, 1976, one from Edsel L. Lucas (hereinafter Lucas) and the other from S. Franklin Burford (hereinafter Burford) were *48 non-taxable gifts or were compensation for past services taxable to her as ordinary income. FINDINGS OF FACT The stipulated facts are incorporated herein by reference. Petitioners were husband and wife residing in Boomer, West Virginia when they filed their petition herein. They filed a joint Federal income tax return for the taxable year 1976 with the Memphis Service Center, Memphis, Tennessee. Rosa M. Runyon (hereinafter "petitioner") was employed by S.S. "Joe" Burford, Inc., a West Virginia corporation (hereinafter Burford Corporation), as a bookkeeper and receptionist during the period January 30, 1964, through October 23, 1970. Her employment with Burford Corporation was terminated on October 23, 1970, by oral notice from Cecil Washburn, Office Manager of Burford Corporation. Petitioner was thereafter employed by Cedar Grove Furniture Co. and continued to live in the same vicinity. She was not thereafter employed by Burford Corporation. Petitioner and her husband remained good personal friends of Mr. and Mrs. Lucas and Mr. and Mrs. *49 Burford, socializing with them frequently.Petitioner received a letter of recommendation from Lucas, who was then president of Burford Corporation, shortly after her termination. Petitioner was never employed by either Lucas or Burford personally. Lucas was secretary and treasurer of Burford Corporation from 1964 through August of 1967 and was president of the company from August 1967 through November, 1976. Burford was employed by Burford Corporation in August 1967 as vice president and remained in that capacity until November 1976. During the period from January 30, 1964 through November 1976, Lucas and Burford owned all the stock of Spruce Coal Sales, Inc. (hereinafter Spruce Sales) in equal shares. Spruce Sales owned 87 percent of the stock of Burford Corporation, the remaining 13 percent being equally owned by J. E. McDavid and J. C. Carson. In November of 1976 Lucas and Burford sold all their stock in Spruce Sales to Valley Industries, a company in which they owned no interest, for a large amount of money [2] and resigned as officers of Spruce Sales and Burford Corporation. *50 On or about December 14, 1976, petitioner received in the mail $10,000 in the form of two separate checks for $5,000 each, one drawn by Lucas on his personal bank account and one drawn by Burford on his personal bank account. The checks were accompanied by a handwritten note to her from Lucas, dated December 12, 1976, advising that he and Burford had sold the company, that they felt she had played an important part in the formation of the company, that they had hit it lucky after she left the company, and because of her contribution to the success of the company they wanted to show their appreciation to her by saying "Thanks Rosa" and by enclosing a check from each of them for $5,000. Petitioner was surprised because she had never worked for Lucas or Burford personally, she felt that she had been fully paid for her services rendered to Burford Corporation, and neither Lucas, Burford or Burford Corporation had any obligation to her for services rendered or otherwise. Petitioner called both Lucas and Burford on the telephone the day she received the checks to thank them. She talked to Lucas the same day and he told her that he and Burford had made the decision to send *51 her the checks and that they wished to give them as a gift. [3] When she talked to Burford the next day she asked him whether she should report the $10,000 on her income tax return, and he told her "No, that it was a gift and not taxable to" her. [4]
Several other employees or former employees of Burford Corporation also received checks from Lucas and Burford at about the same time. One of these was Jamie L. Abdella, whose case involving the same issue was decided by this Court on September 28, 1983, T.C. Memo 1983-616. Petitioners did not report the $10,000 Rosa received from Lucas and Burford as income on their 1976 income tax return. In his statutory notice of deficiency respondent determined that the $10,000 was payment for past services rendered to the Burford Corporation and istaxable as ordinary income. ULTIMATE FINDING OF FACT The $5,000 received by petitioner from each of Lucas and *52 Burford were gifts. OPINION The facts in this case are very similar to the facts in Abdella v. Commissioner,T.C. Memo 1983-616, except that Abdella continued to be employed by Burford Corporation even after it was sold by Lucas and Burford, whereas petitioner in this case had not been employed by Burford Corporation or Lucas or Burford for six years prior to the receipt of the payments. The evidence and the facts developed therefrom in that case are more complete than the facts developed in this record and clearly support our conclusion here, although we do not and need not rely on them in reaching our conclusion here. In that case we found that the $30,000 given to Abdella by Lucas and Burford was a gift. The opinion in Abdella ably discusses the law and correctly applies it to the facts in that case. The same law is applicable here and we see no need or benefit in repeating it at length here. We will briefly summarize that law as it applies to the facts in this case. First, we will consider respondents' hearsay objection to petitioner's testimony regarding what Lucas and Burford told her over the telephone about the checks and what they *53 represented. The statements would not be hearsay as to what she heard them say and her reaction thereto. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Rule 801(c), Federal Rules of Evidence. In that context, petitioner's testimony was not offered to prove the truth of what was said. On the other hand the testimony would clearly be inadmissable, for reasons of hearsay and otherwise, if offered to legally characterize the transfers for tax purposes.But when offered, as here, as evidence of the declarant's intent in giving petitioner the checks, we think the testimony is admissible as an exception to the hearsay rule under Rule 803(3) of the Federal Rules of Evidence. The statements of the declarants were statements of their then existing states of mind, made close enough to the event in question to give reasonable assurance that the statements were not contrived. However, we believe other more objective evidence supports our conclusion here even if the telephone conversations *54 are ignored. Whether a payment is a gift under section 102(a) or gross income under section 61(a) is a factual question. Commissioner v. Duberstein,363 U.S. 278.The mere absence of a legal or moral obligation to make the payment in issue does not establish that it is a gift. If the payment proceeds primarily from the constraining force of any moral or legal duty, or from the incentive of anticipated benefit of an economic nature, or is in return for services rendered, it is not a gift. A statutory gift proceeds from a "detached and disinterested generosity, * * * out of affection, respect, admiration, charity or like impulses." 363 U.S. at 285. The most critical consideration is the transferor's intent in making the payment. In deciding this issue the Court must make an objective inquiry into the circumstances surrounding the payment rather than relying on the payor's subjective characterization of the payment. Commissioner v. Duberstein,supra.
Applying the principles set forth above to the facts of this case, we conclude, *55 as we did in the Abdella case, that the payments petitioner received from Lucas and Burford were gifts within the meaning of section 102(a) and not taxable as income to petitioners. We can find no legal or moral obligation on the part of Lucas or Burford or Burford Corporation to make these payments to petitioner. Petitioner had been an employee of the corporation but she had never been employed by Lucas or Burford and, while Lucas and Burford were indirect stockholders of the corporation and were intensely involved in the corporation's affairs, the business of the corporation is not the business of the stockholders. While petitioner may have been helpful to the corporation in its early days, she had been fully compensated for such service and it would appear from the record, implicitly at least, that she left the employment of the corporation before it "struck it rich." Petitioner did not expect these payments, and she had no reason to, and she had no expectation of working for or with Lucas and Burford in the future. We find nothing to suggest that petitioner was underpaid while she worked for Burford Corporation and that the payments were made to compensate her *56 for such underpayment. Furthermore, if such was the case, since she had been employed by the corporation any such recompense should have been borne as well by the two minority shareholders, Carson and McDavid, who shared in the proceeds of the sale of the corporation. They made no such contribution. We are conviced from the objective facts and circumstances surrounding the payments that Lucas and Burford, after selling their interests in the coal mining enterprise at a substantial profit, chose to share their windfall profits with certain of the employees and former employees of the enterprise whom they felt had contributed to the success of the enterprise and had enhanced their profits on the sale. The payments were not compensation for past services and were not intended to be. They were motivated by "detached and disinterested generosity, * * * out of affection, respect, admiration, charity or like impulses." Commissioner v. Duberstein,supra at 285. Accordingly, such payments were gifts excludable from petitioners' gross income under section 102(a). Decision will be entered for petitioners.
Footnotes
1. A minor adjustment in the allowable deduction for state sales tax made in the notice of deficiency is not in issue.↩
2. See Abdella v. Commissioner,T.C. Memo 1983-616↩ (Sept. 28, 1983) for more details of this transaction.
3. Respondent objected to the testimony of what Lucas and Burford told her over the telephone under the hearsay rule. This will be discussed briefly in the opinion portion. ↩
4. Burford was a tax lawyer and had taught tax law at Emory University law school.↩